IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD WILLIAMS,

      Plaintiff,                   No. CIV S-06-0160 FCD KJM P

    vs.

K. PROSPER, et al.,                ORDER AND

      Defendants.           FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be

1

collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

I. Screening The Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff's complaint, filed January 23, 2006, consists of thirty-nine pages with an additional sixty-five pages of exhibits. His supplement, filed July 31, 2006, consists of eleven pages, plus forty-one pages of exhibits.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). It is difficult for the court to discern the basis of plaintiff's claims because of length of his pleadings. Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

In McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996), the Ninth Circuit Court of Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and largely irrelevant. It consists largely of immaterial background information." The court observed the Federal Rules require that a complaint consist of "simple, concise, and direct" averments. Id. As a model of concise pleading, the court quoted the standard form negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

> 1. Allegation of jurisdiction.
>
> 2. On June 1, 1936, in a public highway, called Boylston Street, in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

Id.

Phrased another way, "Vigorous writing is concise." William Strunk, Jr. & E.B. White, The Elements of Style, § III, ¶ 13 <http://www.bartleby.com/141>.

Plaintiff's complaint suffers from many of the same problems as the pleading dismissed in McHenry: there is much "'narrative rambling[]'" yet a marked lack of "notice of what legal claims are asserted against which defendants." Id. at 1176. As in McHenry, "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges." Id. at 1179.

Plaintiff will be given an opportunity to file an amended complaint, **limited to fifteen pages**. Plaintiff may use the court's form for filing a civil rights action, which will be provided again. Plaintiff should refer to this order and the Federal Rules of Civil Procedure for guidance in drafting a further amended document or completing the court's form complaint.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

II. Request For Injunctive Relief

On February 13 and September 15, 2006, plaintiff filed requests for injunctive relief. Because the underlying complaint is being dismissed, there is no viable action to form the basis for the requested injunctive relief.

III. Request For Appointment of Counsel

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel

pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's November 22, 2006 motion for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint **limited to fifteen pages** that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff the form for a civil rights action by a prisoner.

6. Plaintiff's November 22, 2006 request for appointment of counsel is denied.

IT IS HEREBY RECOMMENDED that plaintiff's February 13 and September 15, 2006 requests for injunctive relief be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

1 and Recommendations." Plaintiff is advised that failure to file objections within the specified
2 time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153
3 (9th Cir. 1991).
4 DATED: November 28, 2006.

_____
U.S. MAGISTRATE JUDGE

2
will0160.brev