IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD WILLIAMS,

     Plaintiff,                   No. CIV S-06-0160 FCD KJM P

     vs.

K. PROSPER, et al.,             ORDER AND

     Defendants.           FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  By order filed November 29, 2006, plaintiff's complaint was dismissed with leave to file an amended complaint.  Plaintiff has now filed an amended complaint.  In addition, he has filed a document called a "supplement complaint," which purports to add incidents and defendants but without repeating all the claims of the amended complaint.

        The amended complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against several of the defendants therein.  It appears that the "supplement" also states a claim against the defendants named.   However, if plaintiff wishes the court to direct service on defendants regarding both incidents, he must file a second amended complaint combining both incidents.

////

1

On January 19, 2007 plaintiff filed a request for a temporary restraining order and a preliminary injunction, seeking to restrain the actions of K. Prosper, D.L. Runnels, Linda Rianda, Tanya Rothschild and D.E Vanderville.  Although he named these parties as defendants in this action, the court does not find the complaint states a claim against them and will not direct that they be served.   This court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Accordingly, plaintiff's request for a temporary restraining order is denied.

Finally, plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's January 19, 2007 request for a temporary restraining order is denied.

2. Plaintiff's March 7, 2007 motion for the appointment of counsel is denied.

3. Within thirty days of the date of this order, plaintiff must notify the court whether he wishes to proceed solely on the amended complaint; if he does not, he is directed to file a second amended complaint within the time period given.

4. The Clerk of the Court is directed to send plaintiff the form for a civil rights action by a prisoner.

IT IS HEREBY RECOMMENDED that plaintiff's January 19, 2007 motion for a preliminary injunction be denied.

/////

1         These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, plaintiff may file written
4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
7  F.2d 1153 (9th Cir. 1991).

8  DATED: May 1, 2007.

U.S. MAGISTRATE JUDGE

2
will0160.am